UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KENNETH O'NEILL,

          Plaintiff,

v.

INTERNATIONAL PAPER CO., et al.,

          Defendants.

Civil Action No. 21-455 (MAS) (LHG)

**MEMORANDUM ORDER**

    This matter comes before the Court upon Plaintiff Kenneth O'Neill's ("Plaintiff") Motion to Remand. (ECF No. 4.) Defendants International Paper Co. and Kenneth Kazar (collectively, "Defendants") opposed (ECF No. 5), and Plaintiff did not reply. The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1.

**I.    BACKGROUND**

    The facts of this slip-and-fall case are straightforward. Defendant International Paper Co. employed Plaintiff, a technician working for Eastern Lift Truck, to repair machinery at its plant in Spotswood, New Jersey. (O'Neill Aff. ¶¶ 2, 4, ECF No. 4-4.) Plaintiff asserts that during his employment, he primarily interacted with Kenneth Kazar ("Kazar"), who managed the maintenance department at the plant. (*Id.* ¶¶ 3-4.) Plaintiff alleges that Kazar "had responsibilities to operate, control, maintain and/or inspect the premises" of the plant. (Compl. ¶ 5, ECF No. 4-2.) Specifically, Plaintiff avers that, during repairs, he "report[ed] directly to Kenneth Kazar who would direct me to the machine in need of repair" and that Kazar "sign[ed] off on the repair order." (O'Neill Aff. ¶ 4.)

One such repair took place on January 11, 2019. On that day, Plaintiff alleges that he slipped and fell on oil on the plant floor, leaving Plaintiff with "serious and permanent personal injuries." (Compl. ¶¶ 3, 9.) Plaintiff alleges that Defendants caused those injuries by negligently maintaining the plant floor and failing to warn him of the oil spill. (*Id.* ¶¶ 7-8.)

Defendants dispute this version of events. Although Kazar agrees that he "manage[s] the operation and functionality of the machinery" at the plant, he avers that neither him nor his employees inspect the plant floor. (Kazar Aff. ¶¶ 4, 6, ECF No. 5-1.) Kazar further avers that on or before January 11, 2019, "[n]o one reported a spill on the floor" of the plant. (*Id.* ¶ 7.) He asserts, however, that "Maintenance Department employees attend to spills on the floor should they be made aware of them." (*Id.* ¶ 6.)

Following Plaintiff's slip and fall, Plaintiff sued Defendants for negligence in the Superior Court of New Jersey in Middlesex County. (*See generally* Compl.) Defendants removed the case to federal court on January 8, 2021. (ECF No. 1.) In their Notice of Removal, Defendants invoked the Court's diversity jurisdiction, notwithstanding that both Plaintiff and Kazar are New Jersey citizens. (*See id.* ¶ 3.) Recognizing the lack of complete diversity, Defendants assert that Plaintiff fraudulently joined Kazar to this case. (*Id.* ¶ 3.) The instant Motion to Remand followed, and Defendants opposed. (ECF Nos. 4, 5.)

## II.   LEGAL STANDARD

### A.   Subject Matter Jurisdiction

A defendant may remove a civil action filed in state court if the federal court would have had original jurisdiction to hear the matter when first filed. 28 U.S.C. § 1441(a); *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). When the defendant premises subject matter jurisdiction on diversity jurisdiction, each defendant must be completely diverse from each

2

plaintiff and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a); *Grand Union Supermarkets of the V.I., Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003).

The removing defendant bears the burden of establishing that federal subject matter jurisdiction exists, removal was timely filed, and removal was proper. 28 U.S.C. §§ 1441, 1446, 1447; *Boyer*, 913 F.2d at 111. Once the case has been removed, a district court may remand the matter to state court if subject matter jurisdiction is lacking. 28 U.S.C. § 1447(c). "[R]emoval statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *In re Briscoe*, 448 F.3d 201, 217 (3d Cir. 2006) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)).

### B. Fraudulent Joinder

"The doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity." *In re Briscoe*, 448 F.3d at 215-16 (citation omitted). "In a suit with named defendants who are not of diverse citizenship from the plaintiff, the diverse defendant may still remove the action if it can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction." *Id.* at 216. Joinder is fraudulent where "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." *Batoff*, 977 F.2d at 851 (quoting *Boyer*, 913 F.2d at 911). A claim is not colorable if it is "wholly insubstantial and frivolous." *Id.* at 852 (citing *Lunderstadt v. Colafella*, 885 F.2d 66, 70 (3d Cir. 1989)).

"Because a party who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists, a removing party who charges that a plaintiff has fraudulently joined a party to destroy diversity of jurisdiction has a 'heavy burden of persuasion.'" *Boyer*, 913 F.2d at 111 (quoting *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 & 1012 n.6 (3d

Cir. 1987)). "In evaluating the alleged fraud, a district court must 'focus on the plaintiff's complaint at the time the petition for removal was filed.'" *Batoff*, 977 F.2d at 851 (quoting *Steel Valley Auth.*, 809 F.2d at 1010). "A district court must resolve all contested issues of substantive fact in favor of the plaintiff and must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *Boyer*, 913 F.2d at 111 (citations omitted). A district court may look beyond the "pleading allegations to identify indicia of fraudulent joinder" but "must not step 'from the threshold jurisdictional issue into a decision on the merits.'" *In re Briscoe*, 448 F.3d at 219 (quoting *Boyer*, 913 F.2d at 112). "[I]nquiry into the validity of a complaint triggered by a motion to dismiss under Rule 12(b)(6) is more searching than that permissible when a party makes a claim of fraudulent joinder." *Batoff*, 977 F.2d at 852. Thus, a party is not necessarily fraudulently joined even where a court may ultimately dismiss that party for failure to state a claim. *See id.*

### III.  **DISCUSSION**

Defendants face a high bar in convincing this Court that remand is improper. Attempting to invoke this Court's jurisdiction, Defendants argue that Plaintiff fraudulently joined Kazar to this case. It is easy to see why: this Court otherwise lacks jurisdiction because Plaintiff's Complaint raises no federal question and the parties lack complete diversity. *See* 28 U.S.C. §§ 1331, 1332(a).

Defendants' Opposition thus assails the Complaint for not stating a colorable claim against Kazar. (*See* Defs.' Opp'n Br. 4, ECF No. 5.) Indeed, scattered throughout Defendants' Opposition are facts purportedly illustrating the frivolity of Plaintiff's claims against Kazar, including that "[n]one of Mr. Kazar's duties involve inspecting" the plant, that "Mr. Kazar did not maintain any control over how Plaintiff completed his work," and that "no one reported a spill on the floor." (*Id.* at 6.) These facts, according to Defendants, show that Plaintiff's Complaint "presents no

colorable claim based in a real intent to prosecute and seek a joint judgment against Mr. Kazar." (*Id.* at 5.)

The problem, however, is that Defendants ask this Court to engage in an improper weighing of the merits. At this stage, a district court "must not step 'from the threshold jurisdictional issue into a decision on the merits.'" *In re Briscoe*, 448 F.3d at 219. Defendants' Opposition asks the Court to do just that. At bottom, Defendants argue that Kazar did not have actual or constructive notice of the oil spill—either because Kazar did not personally see the spill or because he was not responsible for inspecting the plant floor. (*See* Defs.' Opp'n Br. 6.) This is a merits issue. *See, e.g., Romeo v. Harrah's Atl. City Propco, LLC*, 168 F. Supp. 3d 726, 732 (D.N.J. 2016) (denying summary judgment where "a jury could reasonably find that [the] [d]efendant had constructive notice of the spill"); *Tammy v. Carnival Cruise Lines*, No. 13-4716, 2015 WL 7069654, at *4 (D.N.J. Nov. 13, 2015) (denying summary judgment where "a reasonable jury could find that [the] [d]efendant had constructive or . . . actual notice of the spill that caused [the plaintiff's] injury"); *Billado v. Freehold Raceway Mall*, No. MON-L-2560-17, 2019 WL 11502560, at *3 (N.J. Super. Ct. Law Div. Nov. 8, 2019) (denying summary judgment where the court found "a question of fact on whether [the defendant] had actual and/or constructive notice of the spill").[1]

Defendants also attempt to shore up their argument against remand by positing that Kazar owed no duty of care to Plaintiff. (Defs.' Opp'n Br 6-7.) Specifically, Defendants contend that "Mr. Kazar did not owe Plaintiff any duty" because "Mr. Kazar is not responsible for inspecting

---

[1] Defendants' Opposition also ignores the cascade of cases that have remanded personal injury actions and rejected arguments that managers had been fraudulently joined. *E.g., Alexandre v. Costco Wholesale Corp.*, No. 19-6286, 2019 WL 2425179, at *5-6 (D.N.J. May 21, 2019), *adopted by* 2019 WL 2423752 (June 7, 2019); *Briganti v. HMS Host Int'l*, No. 14-4813, 2015 WL 1268300, at *3-4 (D.N.J. Mar. 16, 2015); *Cardillo v. Wal-Mart Stores, Inc.*, No. 14-2879, 2014 WL 7182525, at *2 (D.N.J. Dec. 16, 2014).

5

the floor" and "does not supervise any employees who are responsible for inspecting the floor." (*Id.* at 7-8.) But the Court is not persuaded. For one, Plaintiff's Complaint contests those facts, and this Court must "resolve all contested issues of substantive fact in favor of the plaintiff." *Boyer*, 913 F.2d at 111; (*see* Compl. ¶ 5 (noting that Kazar "had responsibilities to operate, control, maintain and/or inspect the premises" of the plant).) And, in all events, questions about the scope of duty are appropriately left for a motion to dismiss or a motion for summary judgment to resolve as a matter of law. *See Batoff*, 977 F.2d at 852 ("[I]nquiry into the validity of a complaint triggered by a motion to dismiss under Rule 12(b)(6) is more searching than that permissible when a party makes a claim of fraudulent joinder.").

Further, Defendants' Opposition suggests that Kazar cannot have a duty of care toward Plaintiff because "the landowner is under no duty to protect an employee of an independent contractor from the very hazard created by doing the contract work." (Defs.' Opp'n Br. 6 (quoting *Rigatti v. Reddy*, 723 A.2d 1283, 1285-86 (N.J. Super. Ct. App. Div. 1999).) But the Court is uncertain that Defendants' black letter rule of premises liability controls this case. Defendants' rule falls prey to the "retained control" exception, whereby landowners can be liable where they "retain[] control of the manner and means of the doing of the work which is the subject of the contract." *Majestic Realty Assocs., Inc. v. Toti Contracting Co.*, 153 A.2d 321, 324 (N.J. 1959). The Court thus rejects Defendants' argument both because Kazar avers that he "manage[s] the operation and functionality of the machinery" at the plant (Kazar Aff. ¶ 4), and because the Court "must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff," *Boyer*, 913 F.2d at 111.

To be sure, *Sanna v. National Sponge Co.*, cited in Defendants' Opposition, confirms that employer control of the site where the injury occurred may be dispositive. *See* 506 A.2d 1258,

6

1262 (N.J. Super. Ct. App. Div. 1986). There, the plaintiff, an independent contractor that installed insulation, alleged that he was injured after falling through makeshift scaffolding at an employer's premises. *Id.* at 1258. In reversing the trial court's grant of involuntary dismissal after the plaintiff's submission to the jury, the New Jersey Appellate Division concluded that the plaintiff's evidence of employer control over the scaffolding site gave rise to a jury question. *Id.* at 1261 (further noting that the plaintiff's evidence included "first providing and then removing the forklift from the jerry-rigged scaffolding, not providing conventional scaffolding in the first place once it voluntarily had participated in the undertaking to help furnish scaffolding materials, and its general maintenance of the work area in the aspect of cleanliness"). The Court reasons similarly, finding the open legal and factual question of Kazar's control over the worksite where Plaintiff was injured to render Plaintiff's Complaint far from "wholly insubstantial and frivolous." *Batoff*, 977 F.2d at 852.[2]

Defendants have not carried their heavy burden to persuade the Court that this case should remain in federal court due to fraudulent joinder. Because it lacks jurisdiction, the Court remands this case back to state court.[3]

---

[2] Defendants also overlook other plausible and non-frivolous reasons for Plaintiff's joinder of Kazar to this action, including *respondeat superior* and joint-and-several liability. *See Carvajal v. Target Stores, Inc.*, No. 15-03797, 2016 WL 111423, at *3 (D.N.J. Jan. 11, 2016) ("Under New Jersey law, even when an employer may be held vicariously liable for an employee's negligence, *both* the employer and employee may be held jointly and severally liable.").

[3] Because the Court holds that it lacks jurisdiction, it does not decide whether Defendants' Notice of Removal was timely. (*See* Defs.' Opp'n Br. 2-4.)

IV. **ORDER**

For the reasons set forth above, and for other good cause shown,

**IT IS**, on this 19th day of August 2021, hereby **ORDERED** that

1. Plaintiff's Motion to Remand (ECF No. 4) is **GRANTED**.

2. The Clerk shall remand this matter to the Superior Court of New Jersey, Law Division, Middlesex County.

3. The Clerk shall close the case.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**